**Marquis & Aurbach**
FRANK M. FLANSBURG III, ESQ.
Nevada Bar No. 6974
fflansburg@marquisaurbach.com
JASON M. GERBER, ESQ.
Nevada Bar No. 9812
jgerber@marquisaurbach.com
10001 Park Run Drive
Las Vegas, Nevada 89145
Phone: (702) 382-0711
Fax: (702) 856-8914
   Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHNSON LAW GROUP, APC a California Professional Corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE JOHNSON LAW GROUP, PLLC, a Florida Limited Liability Company; ENHANCED SERVICING SOLUTIONS, INC. a New York For-Profit Corporation; CONSUMER AND BUSINESS DEBT COUNSELING SERVICES, INC.; a Massachusetts Not for Profit Corporation; and THOMAS J. ROLAND, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>                    Defendants. | Case No:   2:09-cv-00112 |

### FIRST AMENDED COMPLAINT
(Jury Demand Endorsed Herein)

Plaintiff JOHNSON LAW GROUP, APC through the law firm of Marquis & Aurbach, hereby alleges and complains against the Defendants as follows:

### JURISDICTION

1. Jurisdiction is appropriate in this matter pursuant to 28 U.S.C. §1332.

### THE PARTIES

2. Johnson Law Group, APC ("JLG NV") is and was at all times relevant a California Professional Corporation authorized to and carrying out business in Clark County, Nevada.

M&A:10849-001 729096_1 1/27/2009 8:10 AM

3. The Johnson Law Group, PLLC ("JLG FLA"), is and was at all times relevant a Florida Limited Liability Company authorized to and conducting business in Nevada and other jurisdictions.

4. Enhanced Servicing Solutions, Inc. ("ESS") is and was at all times relevant a New York Corporation authorized to and conducting business in Nevada and other jurisdictions.

5. Consumer and Business Debt Counseling Services, Inc. ("CBDC") is and was at all times relevant a Massachusetts Not for Profit Corporation authorized to and conducting business in Nevada and other jurisdictions.

6. Thomas J. Roland ("Roland") is and was at all times, an individual conducting business in Clark County, Nevada.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Roe Corporations I through X, and Does I through X, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by fictitious names and will ask leave of the Court to amend this Complaint to show the true names and capacities of Defendants when the same are ascertained. Same Defendants are sued as principals and/or agents, servants, attorneys, and employees of said principals, and all the acts performed by them were within the course and scope of their authority and limit. Plaintiff is informed and believes and thereupon alleges that each of the said Defendants are legally responsible for the events and happenings referred to herein, and directly and proximately caused the damages and injuries to Plaintiff as hereinafter alleged.

### THE DEBT RELIEF INDUSTRY

8. Upon information and belief, all the Defendants perform work and services in the consumer debt relief industry in the United States.

9. Roland owns all or part of ESS and CBDC.

10. ESS performs debt negotiation services on behalf of individuals in the debt relief

industry.

11. CBDC performs credit counseling services for individuals in the debt relief industry.

12. JLG NV is a law firm authorized to practice and practicing in the State of Nevada.

13. JLG NV provides legal services for individuals who cannot resolve their debt claims through credit counseling or negotiation.

14. JLG FLA provides a similar service to clients and operates out of the State of Florida.

### THE CLIENTS

15. Clients come to the parties from marketing companies that advertise debt relief services.

16. These marketing companies then provide the clients' information to entities like JLG NV.

17. JLG NV then contracts with entities like CBDC or ESS to perform non-legal services like counseling and negotiations.

18. When a client's needs cannot be met by the credit counseling or debt negotiation services, those clients return to JLG NV for assistance.

### JLG NV'S CONTRACT WITH CBDC

19. On or about November 1, 2006, JLG NV and CBDC entered into a Back Office Outsourcing Agreement (the "Agreement").

20. CBDC agreed to provide debt management and back office processing services to JLG NV's clients.

21. In exchange for providing services to JLG NV, CBDC would receive payment for each client it provided services.

M&A:10849-001 729096_1 1/27/2009 8:10 AM

22. CBDC agreed to keep confidential all records respecting clients and agreed not to use those records for any purpose not specifically contemplated by the Agreement.

23. CBDC also agreed that it would not communicate client information to any third parties.

24. CBDC agreed that it would neither use client information nor disseminate client information except for the extent necessary to meet its responsibilities under the Agreement.

25. The parties executed this Agreement in November, 2006, and have operated under the same Agreement since that time.

### JLG NV REJECTS ROLAND'S OFFER

26. In 2007, Roland approached JLG NV concerning expanding its business.

27. During 2007, a large debt consolidation law firm in Florida (Hess-Kennedy), was investigated for improper activity and severely curtailed its debt relief assistance.

28. Based on this change, Roland allegedly saw an opportunity to expand the rolls his companies played in Florida and an opportunity to set up a law firm similar to JLG NV to operate out of the Florida market.

29. Roland approached JLG NV about expanding its work and opening an office in Florida.

30. However, JLG rejected this offer and refused to participate in any expansion of its operations into Florida.

### ROLAND ASSISTS JLG FLA IN OPENING ITS DOORS

31. After being rejected by JLG NV, Roland worked through individuals and representatives in Florida to open JLG FLA.

32. Upon information and belief, JLG FLA operates in the debt relief industry in the United States.

M&A:10849-001 729096_1 1/27/2009 8:10 AM

33. Upon information and belief, JLG FLA performs substantially the same function as JLG NV.

34. Upon information and belief, Roland has provided JLG FLA with information concerning policies, procedures and strategies created and developed by JLG NV.

35. Roland learned of these procedures and strategies based on his ownership of CBDC and ESS.

36. JLG NV never authorized Roland, ESS and/or CBDC to provide this information to JLG FLA.

37. Upon information and belief, Roland, ESS, CBDC and JLG FLA have encouraged the marketing companies to steer clients to JLG FLA instead of JLG NV.

38. Upon information and belief, JLG FLA has received clients who believe they were contacting JLG NV.

39. Upon information and belief, the public is confused over any relationship between JLG NV and JLG FLA.

40. Upon information and belief, JLG FLA has held itself out as associated with JLG NV, although there is no association.

41. Upon information and belief, JLG FLA has performed debt relief services and provided assistance to clients in Nevada.

42. JLG NV has been harmed by the practices of Roland, ESS, CBDC and JLG FLA.

**FIRST CAUSE OF ACTION**
**(Intentional Interference with Contractual Relations Against All Defendants)**

43. Plaintiff repeats, realleges and incorporates for this reference each and every allegation contained above, inclusive, as if fully set forth herein.

44. Valid and existing contracts exist between JLG NV and the marketing companies.

45. The combined Defendants knew of these valid contracts.

M&A:10849-001 729096_1 1/27/2009 8:10 AM

46. The combined Defendants acted with the intent and/or design to disrupt these existing contractual relationships.

47. The combined Defendants' conduct did, in fact, disrupt these existing contractual relationships.

48. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in excess of Seventy Five Thousand Dollars ($75,000.00).

49. JLG NV has been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred herein as special damages.

## SECOND CAUSE OF ACTION
### (Interference with Prospective Economic Advantage)

50. Plaintiff repeats, realleges and incorporates for this reference each and every allegation contained above, inclusive, as if fully set forth herein.

51. JLG NV has prospective contractual relationships with any clients that could be directed to it by the marketing companies or the other parties.

52. The combined Defendants know of these prospective relationships.

53. The combined Defendants acted with the intent to harm JLG NV by preventing it from establishing these relationships.

54. The Defendants acted without justification, cause or privilege.

55. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in excess of Seventy Five Thousand Dollars ($75,000.00).

56. JLG NV has been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred herein as special damages.

## THIRD CAUSE OF ACTION
### (Civil Conspiracy)

57. Plaintiff repeats, realleges and incorporates for this reference each and every allegation contained above, inclusive, as if fully set forth herein.

. . .

M&A:10849-001 729096_1 1/27/2009 8:10 AM

58.   The Defendants knowingly and willingly agreed among themselves and conspired to commit unlawful acts, intentionally interfering with JLG NV's prospective economic advantages and existing contracts.

59.   Defendants did the unlawful acts alleged herein pursuant to and in furtherance of the conspiracy to unfairly compete with JLG NV.

60.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in excess of Seventy Five Thousand Dollars ($75,000.00).

61.   JLG NV has been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred herein as special damages.

### FOURTH CAUSE OF ACTION
### (Unfair Competition)

62.   Plaintiff repeats, realleges and incorporates for this reference each and every allegation contained above, inclusive, as if fully set forth herein.

63.   Defendants' actions constitute unfair competition and such actions constitute unlawful, unfair or fraudulent business acts and/or practices.

64.   Defendants have benefitted monetarily from their actions and statements.

65.   Defendants' acts caused competitive economic injury to JLG NV.

66.   Defendants' profits arising from their actions should be disgorged in favor of JLG NV.

67.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in excess of Seventy Five Thousand Dollars ($75,000.00).

68.   JLG NV has been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred herein as special damages.

### FIFTH CAUSE OF ACTION
### (Breach of Contract Against CBDC and Roland)

69.   Plaintiff repeats, realleges and incorporates for this reference each and every allegation contained above, inclusive, as if fully set forth herein.

M&A:10849-001 729096_1 1/27/2009 8:10 AM

70. On or about November 1, 2006, JLG NV entered into the Agreement with Roland's company, CBDC.

71. CBDC and Roland breached the contract when they failed to properly comply with the terms and conditions of the contract.

72. Roland and CBDC have not been relieved of any obligations under the contract.

73. JLG NV has fully complied with all terms of the contract and all conditions precedent have been met.

74. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in excess of Seventy Five Thousand Dollars ($75,000.00).

75. JLG NV has been forced to retain the services of an attorney to prosecute this matter and is entitled to recover reasonable costs and attorney fees incurred herein as special damages.

WHEREFORE, Plaintiff prays as follows:

1. For damages in excess of $75,000 according to the proof at time of trial together with interest thereon.

2. For costs of suit and attorney fees incurred by the Plaintiff.

3. For such and further relief as this Court may deem just and proper under the circumstances.

Dated this ___ day of January, 2009.

MARQUIS & AURBACH

By _____
Frank M. Flansburg III, Esq.
Nevada Bar No. 6974
Jason M. Gerber, Esq.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for Plaintiff

M&A:10849-001 729096_1 1/27/2009 8:10 AM

Jury Demand

Plaintiff hereby demands trial by jury with the maximum number of jurors allowed at law.

Dated this ___ day of January, 2009.

                                  MARQUIS & AURBACH

By _____
Frank M. Flansburg III, Esq.
Nevada Bar No. 6974
Jason M. Gerber, Esq.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for Plaintiff

M&A:10849-001 729096_1 1/27/2009 8:10 AM